DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Criminal No. 2012-28 |
| ) | |
| ADALBERTO VASQUEZ LIRIANO, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**ATTORNEYS:**

**Ronald S. Sharpe, USA**
**Christian Fisanick, AUSA**
Office of the United States Attorney
St. Thomas, U.S.V.I.
    *For the United States of America,*

**Omodare Jupiter, FPD**
**Gabriel J. Villegas, AFPD**
Office of the Federal Public Defender
St. Thomas, U.S.V.I.
    *For Adalberto Vasquez Liriano.*

# ORDER

**GÓMEZ, J.**

Before the Court are the motions of Adalberto Vasquez Liriano ("Liriano") for a reduction in his sentence pursuant to Title 18, United States Code, Section 3582(c)(2) and Amendment 782 to the Sentencing Guidelines.

On February 27, 2013, Liriano pled guilty to one count of possession with intent to distribute five or more kilograms of cocaine in violation of 21 U.S.C. § 841(a)(1). At sentencing, Liriano's criminal history level was 1. Consistent with his

presentence investigation report, Liriano's offense level was determined to be 29. The relevant sentencing guidelines recommended a sentencing range of 87 to 108 months imprisonment. However, Liriano was subject to a 120 month statutory mandatory minimum. *See* 21 U.S.C. § 841(b)(1)(A)(ii)(II). Liriano received a sentence of 120 months imprisonment.

Since Liriano's sentencing, there has been an amendment to the sentencing guidelines. Amendment 782 reduced the base offense level by 2 for many drug offenses. 18 U.S.C. § 3582(c)(2) states that:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. § 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

Liriano now moves for a reduction to his offense level in accord with the amended sentencing guidelines. The Government opposes the motion because any reduction in Liriano's sentence would reduce his sentence below the statutory mandatory minimum.

> A reduction [in sentence] is not authorized under § 3582(c)(2) if the change to the Sentencing Guidelines "does not have the effect of lowering

*United States v. Liriano*
Criminal No. 12-28
Order
Page 3

> the defendant's applicable guideline range because of the operation of another guideline or statutory provision (e.g., a statutory mandatory minimum term of imprisonment)." U.S. Sentencing Guidelines Manual ("U.S.S.G.") § 1B1.10(a)(2)(B) & cmt. n. 1(A); see *82 United States v. Ortiz–Vega, 744 F.3d 869, 873 (3d Cir.2014) ("[I]f a defendant is subjected to a mandatory minimum, he or she would not be given a sentence 'based on a sentencing range that has subsequently been lowered.'")

*United States v. Jones*, 605 F. App'x 81, 81-82 (3d Cir. 2015). Accordingly, because any reduction in Liriano's sentence would reduce his sentence below the 120 month statutory mandatory minimum, Liriano's motion is denied.

The premises considered, it is hereby

**ORDERED** that Liriano's motions for Reduction of Sentence are **DENIED.**

S\_____
**Curtis V. Gómez**
**District Judge**